29663UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JULIUS WOLLFARTH** | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION ___** |
| | * | |
| | * | |
| **CITY OF NEW ORLEANS; SHAWN D.** | * | |
| **FERGUSON, INDIVIDUALLY, AND IN HIS** | * | **MAGISTRATE** |
| **OFFICIAL CAPACITY AS SUPERINTENDENT** | * | |
| **OF POLICE; POLICE OFFICER JOHN DOE 1** | * | |
| **AND POLICE OFFICER JOHN DOE 2** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

**NOW COMES** petitioner **JULIUS WOLLFORTH**, through undersigned counsel, who respectfully represents:

**I.   PRELIMINARY STATEMENT**

1. This action is brought pursuant to 42 U.S.C. § 1983 and 1988 as an action of law to redress the deprivation under the color of statute, ordinance, regulation and custom and usage of right, privilege or immunity secured to the petitioner by the Fourth and Fourteenth Amendments to the Constitution of the United States and arising under the laws, constitution and statutes of the State of Louisiana.   Supplemental jurisdiction over claims under constitutional and statutory law is also invoked.

**II.   JURISDICTION**

2. Jurisdiction is vested in this Court by 28 U.S.C. § 1331 and 1343.

1

3. Supplemental jurisdiction is asserted for all claims cognizable under the laws of the State of Louisiana.

### III. PARTIES

#### (PETITIONER)

4. **JULIUS WOLLFARTH** (hereinafter **"PETITIONER"**), an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

#### (DEFENDANTS)

5. **THE CITY OF NEW ORLEANS (**hereinafter **"NEW ORLEANS")**, a municipality and a political subdivision of the State of Louisiana located in the Parish of Orleans, State of Louisiana, and operated under a "Home Rule Charter".

6. **SHAWN D. FERGUSON,** individually, and in his official capacity as superintendent of police **(**hereinafter **"FERGUSON"),** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

7. (hereinafter **"OFFICER JOHN DOE 1"**), individually, and in his official capacity as a New Orleans Police Officer, whose true identity is not yet known, but once properly identified, whose identity shall be supplemented, and who, on information and belief, is a person of the full age of majority employed as a New Orleans Police Officer, residing in the Parish of Orleans, State of Louisiana.

8. **NOPD OFFICER JOHN DOE 2** (hereinafter **"OFFICER JOHN DOE 2"**), individually, and in his official capacity as a New Orleans Police Officer, whose true identity is not yet known, but once properly identified, whose identity shall be supplemented, and who, on

2

information and belief, is a person of the full age of majority employed as a New Orleans Police Officer, residing in the Parish of Orleans, State of Louisiana.

9. At all times relevant hereto and in all actions of the defendants herein, these acts were committed under color of state law and under color of their authority as New Orleans Police Superintendent and New Orleans Police Officers.

10. The defendants are liable jointly, severally and *insolido*.

IV. **FACTUAL ALLEGATIONS**.

11. On or about May 23, 2019, PETITIONER WOLLFARTH, made a call to the United Healthcare on call nurse line, and spoke to an unknown nurse to complain about the lack of treatment for his then current conditions. During the time of his call, Petitioner was in his vehicle on his way home from Walmart.

12. Upon arrival at is residence at 5745 Wilton Drive, New Orleans, Louisiana 70122, after entering his home but before removing his purchases from his vehicle, PETITIONER was confronted by 3 officers of NOPD. OFFICER JOHN DOE 1 called WOLLFARTH out of his home and began questioning him, thus diverting WOLLFARTH'S attention from OFFICER JOHN DOE 2.

13. OFFICER JOHN DOE 2 approached PETITIONER from behind, without reason or probable cause, and grabbed PETITIONER'S arm in an attempt to handcuff him, causing the PETITIONER great startle and surprise.

14. OFFICER JOHN DOE 1 and OFFICER JOHN DOE 2 then forcibly pushed PETITIONER to the ground where he was injured and where he remained for a period of time in

3

a physically painful state given his physical injuries and medical conditions.

15. That at all times material herein, PETITIONER was on the phone with his HealthCare nurse and compliant had no weapon and was non-threatening to the NOPD Police Officers.

17. The NOPD Police Officers appeared at PETITIONER'S home, pursuant to what they claimed to be a 911 call requesting a wellness check due to Petitioner possessing a firearm and threatening suicide.

18. At all material times herein, NOPD OFFICER JOHN DOE 1 and NOPD OFFICER JOHN DOE 2 were employed by the New Orleans Police Department, an agent of the City of New Orleans and were acting in the course and scope of their employment with the New Orleans Police Department.

19. As a result of the 911 call for a wellness check made by United HealthCare employee, JULIUS L. WOLLFARTH was subjected to a brutal and unprovoked use of excessive force and physical assault by NEW ORLEANS POLICE OFFICERS, JOHN DOE 1 and JOHN DOE 2, and PETITIONER JULIUS L. WOLLFARTH has suffered physical and mental pain and suffering; pain, sprains and strains to his neck and back, which said injuries may continue to worsen, be aggravated and/or become permanent; and the full residuals and sequelae of PETITIONER's injuries are as of yet not fully known.  Additionally, because of the aforesaid injuries, PETITIONER has had to obtain medical treatment and to further limit his activities and has been unable to engage in pursuits he otherwise would have been able otherwise. Furthermore, he has incurred medical bills he would not otherwise have incurred, the full extent of which is not as of yet fully known to PETITIONER.

Case 2:20-cv-01537-GGG-KWR   Document 1   Filed 05/26/20   Page 5 of 9

## V. CAUSES OF ACTION

### COUNT I

**CIVIL RIGHTS VIOLATION BY NOPD OFFICER JOHN DOE 1 AND NOPD OFFICER JOHN DOE 2**

20. The allegations of paragraphs 1 through 19 are referenced at this point as if copied en extensor.

21. The actions of NOPD OFFICER JOHN DOE 1, and NOPD OFFICER JOHN DOE 2, violated PETITIONER WOLLFARTH'S rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure and to due process.

### COUNT II

**CIVIL RIGHTS VIOLATION BY SHAWN D. FERGUSON IN HIS INDIVIDUAL CAPACITY AND AS HIS OFFICIAL CAPACITY OF SUPERINTENDENT OF POLICE**

22. The allegations of paragraphs 1 through 19 are referenced at this point as if copied en extenso.

23. The violations of PETITIONER WOLLFARTH'S constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, PETITIONER WOLLFARTH'S damages, and the conduct of NOPD OFFICER JOHN DOE 1and NOPD OFFICER JOHN DOE 2 and other members of the New Orleans Police Department were directly and proximately caused by the actions and/or inactions of SUPERINTENDENT SHAWN D. FERGUSON who encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices and customs, and the need for more of different training, supervision, investigation, or discipline in the areas of:

5

    A.      The use of excessive force by police officers;

    B.      The failure to monitor police officers with a history and/or pattern of repeatedly utilizing excessive force in connection with their arrests;

    C.      The failure of police officers to follow established policies, procedures, directives and instructions regarding arrests and the use of force;

    D.      The failure to identify and take remedial or disciplinary action against police officers who have utilized excessive force or have been the subject of prior civilian or internal complaints of misconduct; and

    E.      The failure to properly sanction or discipline police officers who observe and are aware of but conceal and/or aid abet violations of constitutional rights of other citizens by other police officers.

## COUNT III

### STATE LAW CLAIMS AGAINST NOPD OFFICER JOHN DOE 1 AND NOPD OFFICER JOHN DOE 2

24. The allegations of paragraphs 1 through 21 are referenced at this point as if copied en extenso.

25. The actions of NOPD OFFICER JOHN DOE 1 and NOPD OFFICER JOHN DOE 2, constitute the torts of assault and battery under the laws of the State of Louisiana.

## COUNT IV

### STATE LAW CLAIMS AGAINST SUPERINTENDENT SHAWN D. FERGUSON

26. The allegations of paragraphs 1 through 19 are referenced at this point as if copied en extenso.

27. The actions of SUPERINTENDENT SHAWN D. FERGUSON in failing to properly train, supervise or discipline the defendant police officers and in negligent retaining

6

them are torts under the law of the State of Louisiana.

28. Under state law, SUPERINTENDENT SHAWN D. FERGUSON is vicariously liable to PETITIONER WOLLFARTH for the state law torts committed by NOPD OFFICER JOHN DOE 1 and NOPD OFFICER JOHN DOE 2.

## VI. DAMAGES

32. As a result of the afore-described civil rights violation and state law claims, PETITIONER WOLLFARTH suffered past, present and future physical injuries, mental, physical and emotional pain and suffering, mental anguish and distress, embarrassment, humiliation, disfigurement and medical expenses for which he is entitled to general, special and punitive damages.

33. PETITIONER WOLLFARTH seeks reasonable attorney's fees in accordance with 42 U.S.C. § 1988 plus judicial interest and for the defendants to bear all costs of these proceedings.

**WHEREFORE,** the PETITIONER JULIUS WOLLFARTH prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercises its supplemental jurisdiction over the state claims, and after due proceedings, there be judgment in his favor and against defendants, SHAWN D. FERGUSON, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF POLICE, NOPD OFFICER JOHN DOE 1 AND NOPD OFFICER JOHN DOE 2 IN THEIR INDIVIDUAL CAPACITIES AS ORLEANS PARISH POLICE OFFICERS, holding them liable jointly, severally and *in solido* for all compensatory and punitive damages alleged herein,

together with judicial interest, for all attorney's fees, and that defendants bear all costs of these proceedings, and for all further legal, equitable and general relief available and for trial by jury on all issues herein.

                                    Respectfully submitted,

                                    s/Richard J. Richthofen, Jr.
                                    Richard J. Richthofen, Jr. (#29663)
                                    RICHTHOFEN & ASSOCIATES, LLC
                                    3900 Canal Street
                                    New Orleans, Louisiana 70119
                                    Office: 504-899-7949
                                    Facsimile: 504-899-2518
                                    Email: rick@rjrlawfirm.com

                                    Joseph C. Bartels (#01231)
                                    LAW OFFICES OF JOSEPH C. BARTELS
                                    3900 Canal Street
                                    New Orleans, Louisiana 70119
                                    Telephone: (504) 482-2900
                                    Facsimile: (504) 482-1900

**SERVICE BY SUMMONS:**

THE CITY OF NEW ORLEANS
Through the City Attorney's Office
5th Floor, City Hall
1300 Perdido Street, Suite 5E03
New Orleans, Louisiana 70112

THE NEW ORLEANS POLICE DEPARTMENT
Through the City Attorney's Office
5th Floor, City Hall
1300 Perdido Street, Suite 5E03
New Orleans, Louisiana 70112

SHAWN D. FERGUSON, SUPERINTENDENT OF POLICE
Through the City Attorney's Office
5th Floor, City Hall
1300 Perdido Street, Suite 5E03
New Orleans, Louisiana 70112

**PLEASE HOLD SERVICE ON:**

POLICE OFFICER JOHN DOE NO. 1
NOPD Police Officer

POLICE OFFICER JOHN DOE NO. 2
NOPD Police Officer