UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JULIUS WOLLFARTH | * | |
| | * | CIVIL ACTION NO. 20-1537 |
| **Plaintiff** | * | |
| | * | |
| | * | |
| | * | SECTION "T" 4 |
| VERSUS | * | JUDGE GREG G. GUIDRY |
| | * | |
| | * | |
| CITY OF NEW ORLEANS; SHAWN D. | * | |
| FERGUSON, INDIVIDUALLY, AND | * | |
| IN HIS OFFICIAL CAPACITY AS | * | |
| SUPERINTENDENT OF POLICE; POLICE | * | MAG. DIV. 4 |
| OFFICER JOHN DOE 1 AND POLICE | * | MAG. JUDGE KAREN M. ROBY |
| OFFICER JOHN DOE 2 | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

**NOW INTO COURT,** on behalf of the Plaintiff, Julius Wollfarth, comes undersigned counsel, who appears and who opposes the Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6), as more fully set forth hereinbelow:

## FACTUAL BACKGROUND:

On May 23, 2019, Plaintiff, Julius Wollfarth, was at his home preparing to unload items he had just purchased from a local Walmart from his car.  Mr. Wollfarth was on the phone with his United Healthcare Nurse, discussing issues he was experiencing with his continuum of care, or rather lack thereof, and the continued issues he suffered from as a result of the lack of adequate

care.  Mr. Wollfarth had previously been speaking with his counselor regarding the same issue. Suddenly and without warning, Mr. Wollfarth was summoned verbally by an NOPD Officer to come outside of his home.  That Officer was to the left of the front door at the corner of the house. A second NOPD Officer remained hidden by Mr. Wollfarth's carport/parked car. Upon Mr. Wollfarth's complying and coming outside of his already opened front door, Mr. Wollfarth was visibly alarmed by the first officers brandishing his firearm at him (Mr. Wollfarth). Mr. Wollfarth complied with the first Officer's commands to walk into the yard and speak with him.  The hidden second Officer came from around Mr. Wollfarth's car, using his police radio in front of his body worn camera in an obvious attempt to block his Body Worn Camera from filming the incident.  A third NOPD Officer arrived on the scene and came from behind Mr. Wollfarth as he spoke with the first Officer, taking care not to be heard or observed, and grabbed Mr. Wollfarth's arm and began to handcuff him.  Mr. Wollfarth became alarmed at the incident, expressed his alarm, and was subsequently taken forcibly to the ground by the third NOPD Officer.  This caused Mr. Wollfarth to exclaim that he was being hurt by this action and by the officer and that he felt he was being abused.  The second NOPD Officer then approached and snatched Mr. Wollfarth's still open and active phone from his hand and tossed it to the side.

At no time prior to this incident did any officer indicate they were there for a wellness check, which is arguably for the benefit of the individual being checked on.  Only after the physical handling of Mr. Wollfarth forcibly to the ground, did the officers ask if Mr. Wollfarth had a weapon.  It was not until sometime later, after the incident, did other NOPD Officers arrive at Mr. Wollfarth's home to explain that the incident was actually a wellness check, that they thought he had a gun.  The entirety of Mr. Wollfarth's factual statement regarding the incident, both herein

and in the Complaint, is supported by body worn cameras of several NOPD Officers. The wellness check in and of itself is not the issue, it is the unreasonable use of excessive force that caused Mr. Wollfarth's injuries and is the crux of his constitutional complaint

Mr. Wollfarths, prior to this incident, suffered from numerous medical issues, which have been worsened as a result of this unnecessary and unreasonable use of excessive force, being thrown to the ground in such an unwarranted manner. Mr. Wollfarth's continued physical deterioration is well documented in his medical records from subsequent treatment from this incident. Mr. Wollfarth's deteriorating condition is a direct result from the violations of his constitutional rights by said NOPD Officers on May 23, 2019 in his front yard by the unreasonable use of excessive force.

## MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

The complaint must be liberally construed in favor of the Plaintiff, and all facts of the complaint pled in the complaint must be taken as true. *Wright and Miller, Federal Practice and Procedure* § 1357 at 601 (1969); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The district court may not dismiss a complaint under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the Plaintiff and with every doubt resolved in his behalf, the complaint state any valid claim for relief." *Id*. This Court will not look beyond the face of the pleadings to determine whether any relief should be granted based on the alleged facts and will construe all factual allegations in the light most favorable to the Plaintiffs." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

3

Further, a 12(b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema, N.A.*, 122 S.Ct. 992, 998 (2002). *See also, Indest v. Freeman Decoration*, Inc. 164 F.3d 258, 261 (5th Cir. 1999) ("dismissal will not be affirmed if the allegations support relief on any possible theory.").

In making the determination, the Court "must accept all well-pleaded facts as true and …view them in the light most favorable to the Plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

The allegations in the Preliminary Statement of the Complaint clearly set forth an adequate claim and further place the Defendants on notice of the basis of the claims in the Complaint and the nature of their actions therein. Further, in Paragraph 9 of the Complaint, it clearly and categorically puts the Defendants on notice that the actions taken against Mr. Wollfarth were taken "under color of law". Additionally, Superintendent Ferguson is notified sufficiently in Paragraph 23 of the Complaint of his actions and/or inactions that encouraged, tolerated, ratified, and has been deliberately indifferent to the policies, patterns, practices and customs, and the need for more of different training, supervision, investigation, or discipline in the areas set forth in subparagraphs 9 - A, B, C, D, and E.

Furthermore, the representation that the Officers are entitled to Qualified Immunity because their actions in detaining the Plaintiff were reasonable under the circumstances is conclusionary at best, and more importantly, contradicted by the allegations and representations

4

made by the Plaintiff in the Complaint, which for the purposes of this motion must be taken as true.

Alternatively, should the court feel that the Plaintiff has not explicitly pled the matter sufficiently in the Complaint, then it is respectfully requested that proper remedy is not dismissal but rather to grant the Plaintiff an opportunity to amend his complaint.  Fed. R. Civ. P. 15(a) states that leave to replead should "be freely given when justice requires."

## CONCLUSION

In consideration of the foregoing, it is respectfully represented that the Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) should be denied, or that, alternatively, the Plaintiff be granted an opportunity to amend his complaint accordingly.

Respectfully submitted,

/s/Richard J. Richthofen, Jr._____
RICHARD J. RICHTHOFEN, JR. (#29663)
**RICHTHOFEN & ASSOCIATES, L.L.C.**
3900 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 899-7949
Facsimile: (504) 899-2518

Joseph C. Bartels (#01231)
**LAW OFFICES OF JOSEPH C. BARTELS**
3900 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 899-7949
Facsimile: (504) 899-2518

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2020, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which

will send notification to all counsel of record who have consented to electronic notification.

/s/Richard J. Richthofen, Jr.
Richard J. Richthofen, Jr.